Preston Wilkins & Martin
76 South Orange Ave., Suite 300
South Orange, New Jersey  07079
973-763-0399
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x

CLIFFORD S. GORDON,

               Plaintiff,

     -against-

                                                         CIVIL ACTION NO.:

SOLARIS HEALTH SYSTEM,
JFK MEDICAL CENTER MUHLENBERG
CAMPUS, BHUPENDRA PATEL, ANGELO               CIVIL ACTION
RACANIELLO, NEIGHBORHOOD HEALTH            *Complaint & Jury Demand*
SERVICES CORPORATION, FORMERLY
PLAINFIELD HEALTH CENTER, AND DR.
LISA HAUSER,

               Defendants.
---------------------------------------------------------------x

       Plaintiff Clifford S. Gordon, by his attorneys Preston Wilkins Martin & Rodriguez, complaining of the Defendant avers and says:

**JURISDICTION AND VENUE**

1.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. sections 1346 and 2671 *et seq*.

2.     The actions alleged in this Complaint were in Plainfield, New Jersey in the District of New Jersey.

## ADMINISTRATIVE PROCEDURES

3.  Plaintiff filed a Notice of Claim, pursuant to the Federal Tort Claims Act.

4.  On or about June 24, 2011, the Department of Health and Human Services issued a determination denying Plaintiff's claim.

5.  Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## PARTIES

1.  Upon information and belief, Defendant Solaris Health System was at all times mentioned herein, a corporation organized and existing under the laws of the State of New Jersey.

2.  Upon information and belief, Solaris Health System is the parent of JFK Medical Center Muhlenberg Campus (collectively referred to as "JFK"). JFK's principal place of business is at Park Avenue and Randolph Road, in Plainfield, New Jersey.

3.  The principle objects and purposes for which JFK and Solaris Health Systems were formed, and for which its existence is continued, were and are to provide medical care and treatment to patients.

4.  Upon information and belief, Defendant Dr. Bhupendra Patel, was a physician licensed to practice medicine in the State of New Jersey.

5.  At all times relevant to the Complaint, Dr. Bhupendra Patel was an agent and/or employee of JFK.

6.  Upon information and belief, Defendant Dr. Angelo Racaniello, was a physician licensed to practice medicine in the State of New Jersey.

7.  At all times relevant to the Complaint, Dr. Angelo Racaniello was an agent and/or employee of JFK.

8.  Upon information and belief, Defendant Neighborhood Health Services Corporation, formally Plainfield Health Center, was at all times mentioned herein, a corporation organized and existing under the laws of the State of New Jersey.

9.  The principle objects and purposes for which Neighborhood Health Services Corporation was formed, and for which its existence is continued, was to provide medical care and treatment to patients

10. Upon information and belief, Defendant Dr. Lisa Hauser, was a physician licensed to practice medicine in the State of New Jersey, specializing in podiatry.

11. At all times relevant to the Complaint, Dr. Hauser was an agent and/or employee of

Neighborhood Health Services.

12. In December 2009, Plaintiff Clifford S. Gordon went to JFK with complaints of severe left foot pain.

13. Plaintiff Gordon was seen by Dr. Bhupendra and he diagnosed Mr. Gordon with "Joint pain - foot."  Discharge instructions were given to "Exercise Foot."

14. Since Mr. Gordon's pain did not improve he then went to Defendant Neighborhood Health Services Corporation (formally Plainfield Health Center) on December 9, 2009.

15. Mr. Gordon again complained of severe left foot pain.  Mr. Gordon was seen by Dr. Lisa Hauser and given an injection in his foot.

16. In February 2010, Mr. Gordon returns to JFK due to the continued pain in his left foot.

17. Mr. Gordon was seen by Defendant Dr. Angelo Racaniello.  Dr. Racaniello diagnosed Mr. Gordon as having a sprained left foot and Mr. Gordon is again discharged.

18. Mr. Gordon, however had proliferative fasciitis, which was diagnosed in April 2010.

19. Due to the misdiagnosis and maltreatment of Mr. Gordon there was a delay in the diagnosis of the proliferative fasciitis.

### FIRST COUNT

20. Plaintiff repeats and realleges the allegations of paragraph 1 through 19 as if fully set forth herein.

21. Defendant JFK, its agents and employees, including Drs. Bhupendra and Racaniello, actions in failing to timely diagnose and treat Mr. Gordon's proliferative fasciitis were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

22. Mr. Gordon suffered personal injury proximately caused by Defendants' negligence in failing to timely diagnose and treat Plaintiff Gordon.

**WHEREFORE,**  Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### SECOND COUNT

23. Plaintiff repeats and realleges the allegations of paragraph 1 through 23 as if fully set forth herein.

24. Defendant JFK, its agents and employees, including Drs. Bhupendra and Racaniello, actions in failing to timely diagnose and treat Mr. Gordon's proliferative fasciitis  were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

25. Defendants' negligence in failing to timely diagnose and treat the Plaintiff Gordon, increased the risk of harm to Mr. Gordon, and that increased risk was a substantial factor in producing Mr. Gordon's injuries.

   **WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### THIRD COUNT

26. Plaintiff repeats and realleges the allegations of paragraph 1 through 25 as if fully set forth herein.

27. Defendant Neighborhood Health Services Corporation its agents and employees, including Dr. Lisa Hauser, actions in failing to timely diagnose and treat Mr. Gordon's proliferative fasciitis s were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

28. Mr. Gordon suffered personal injury proximately caused by Defendants' negligence in failing to timely diagnose and treat the Plaintiff.

   **WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### FOURTH COUNT

29. Plaintiff repeats and realleges the allegations of paragraph 1 through 28 as if fully set forth herein.

30. Defendant Neighborhood Health Services Corporation its agents and employees, including Dr. Lisa Hauser, actions in failing to timely diagnose and treat Mr. Gordon's proliferative fasciitis were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

31. Defendants' negligence in failing to timely diagnose and treat the Plaintiff, increased the risk of harm to Mr. Gordon, and that increased risk was a substantial factor in producing Mr. Gordon's injuries.

   **WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### FIFTH COUNT

32. Plaintiff repeats and realleges the allegations of paragraph 1 through 31 as if fully set forth herein.

33. Defendant Neighborhood Health Services Corporation its agents and employees, including Dr. Lisa Hauser, actions in the treatment Mr. Gordon's proliferative fasciitis were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

34. Mr. Gordon suffered personal injury proximately caused by Defendants' negligence in the treatment of the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### SIXTH COUNT

35. Plaintiff repeats and realleges the allegations of paragraph 1 through 34 as if fully set forth herein.

36. Defendant Neighborhood Health Services its agents and employees, including Dr. Lisa Hauser actions in the treatment Mr. Gordon's proliferative fasciitis were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

37. Defendants' negligence in the treatment of Plaintiff, increased the risk of harm to Mr. Gordon, and that increased risk was a substantial factor in producing Mr. Gordon's injuries.

**WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

**CERTIFICATION:** The Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff further certifies that he is not aware of any other parties who should be joined in this action.

**JURY DEMAND:** Plaintiff hereby demands a trial by jury of all issues triable by a jury.

**DESIGNATION OF TRIAL ATTORNEY:** Gregory R. Preston, is hereby designated as trial counsel for the Plaintiff, in the above matter.

Dated: December 4, 2011

By_____
Gregory R. Preston (GP6138)
Attorneys for Plaintiff