Preston Wilkins & Martin
76 South Orange Ave., Suite 300
South Orange, New Jersey  07079
973-763-0399
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------------------x

CLIFFORD S. GORDON,

        Plaintiff,

   -against-

                                          CIVIL NO.: 11CV 7063 (CCC)(JAD)

SOLARIS HEALTH SYSTEM,
JFK MEDICAL CENTER MUHLENBERG
CAMPUS, BHUPENDRA PATEL, ANGELO       CIVIL ACTION
RACANIELLO, & UNITED STATES OF           ***Amended Complaint***
AMERICA,                                              ***& Jury Demand***

        Defendants.

-------------------------------------------------------------x

      Plaintiff Clifford S. Gordon, by his attorneys Preston Wilkins Martin & Rodriguez, complaining of the Defendant avers and says:

**JURISDICTION AND VENUE**

1.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. sections 1346 and 2671 *et seq.*

2.     The actions alleged in this Complaint were in Plainfield, New Jersey in the District of New Jersey.

**ADMINISTRATIVE PROCEDURES**

3.     Plaintiff  filed a Notice of Claim, pursuant to the Federal Tort Claims Act.

4. On or about June 24, 2011, the Department of Health and Human Services issued a determination denying Plaintiff's claim.

5. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## PARTIES

1. Upon information and belief, Defendant Solaris Health System was at all times mentioned herein, a corporation organized and existing under the laws of the State of New Jersey.

2. Upon information and belief, Solaris Health System is the parent of JFK Medical Center Muhlenberg Campus (collectively referred to as "JFK"). JFK's principal place of business is at Park Avenue and Randolph Road, in Plainfield, New Jersey.

3. The principle objects and purposes for which JFK and Solaris Health Systems were formed, and for which its existence is continued, were and are to provide medical care and treatment to patients.

4. Upon information and belief, Defendant Dr. Bhupendra Patel, was a physician licensed to practice medicine in the State of New Jersey.

5. At all times relevant to the Complaint, Dr. Bhupendra Patel was an agent and/or employee of JFK.

6. Upon information and belief, Defendant Dr. Angelo Racaniello, was a physician licensed to practice medicine in the State of New Jersey.

7. At all times relevant to the Complaint, Dr. Angelo Racaniello was an agent and/or employee of JFK.

8. Upon information and belief, Neighborhood Health Services Corporation, formally Plainfield Health Center, was at all times mentioned herein, a corporation organized and existing under the laws of the State of New Jersey.

9. The principle objects and purposes for which Neighborhood Health Services Corporation was formed, and for which its existence is continued, was to provide medical care and treatment to patients

10. Upon information and belief, Dr. Lisa Hauser, was a physician licensed to practice medicine in the State of New Jersey, specializing in podiatry.

11. At all times relevant to the Complaint, Dr. Hauser was an agent and/or employee of Neighborhood Health Services.

12. At all times relevant to the Complaint, Dr. Lisa Hauser and Neighborhood Health Services were entities and individuals subject to the protections of the Federal Tort Claims Act.

13. As such the United States is named as a Defendant and sued for the actions of Dr. Lisa Hauser and Neighborhood Health Services, pursuant to the Federal Tort Claims Act.

14. In December 2009, Plaintiff Clifford S. Gordon went to JFK with complaints of severe left foot pain.

15. Plaintiff Gordon was seen by Dr. Bhupendra and he diagnosed Mr. Gordon with "Joint pain - foot."  Discharge instructions were given to "Exercise Foot."

16. Since Mr. Gordon's pain did not improve he then went to Defendant Neighborhood Health Services Corporation (formally Plainfield Health Center) on December 9, 2009.

17. Mr. Gordon again complained of severe left foot pain.  Mr. Gordon was seen by Dr. Lisa Hauser and given an injection in his foot.

18. In February 2010, Mr. Gordon returns to JFK due to the continued pain in his left foot.

19. Mr. Gordon was seen by Defendant Dr. Angelo Racaniello.  Dr. Racaniello diagnosed Mr. Gordon as having a sprained left foot and Mr. Gordon is again discharged.

20. Mr. Gordon, however had epithelioid sarcoma, which was diagnosed in April 2010.

21. Due to the misdiagnosis and maltreatment of Mr. Gordon there was a delay in the diagnosis of the epithelioid sarcoma.

### FIRST COUNT

22. Plaintiff repeats and realleges the allegations of paragraph 1 through 21 as if fully set forth herein.

23. Defendant JFK, its agents and employees, including Drs. Bhupendra and Racaniello, actions in failing to timely diagnose and treat Mr. Gordon's epithelioid sarcoma were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

24. Mr. Gordon suffered personal injury proximately caused by Defendants' negligence in failing to timely diagnose and treat Plaintiff Gordon.

**WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### SECOND COUNT

25. Plaintiff repeats and realleges the allegations of paragraph 1 through 24 as if fully set forth herein.

26. Defendant JFK, its agents and employees, including Drs. Bhupendra and Racaniello, actions in failing to timely diagnose and treat Mr. Gordon's epithelioid sarcoma were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

27. Defendants' negligence in failing to timely diagnose and treat the Plaintiff Gordon, increased the risk of harm to Mr. Gordon, and that increased risk was a substantial factor in producing Mr. Gordon's injuries.

**WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### THIRD COUNT

28. Plaintiff repeats and realleges the allegations of paragraph 1 through 27 as if fully set forth herein.

29. Neighborhood Health Services Corporation its agents and employees, including Dr. Lisa Hauser, actions in failing to timely diagnose and treat Mr. Gordon's epithelioid sarcoma were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

30. Mr. Gordon suffered personal injury proximately caused by Defendants' negligence in failing to timely diagnose and treat the Plaintiff.

**WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### FOURTH COUNT

31. Plaintiff repeats and realleges the allegations of paragraph 1 through 30 as if fully set forth herein.

32. Defendant United States of America, Neighborhood Health Services Corporation its agents and employees, including Dr. Lisa Hauser, actions in failing to timely diagnose and treat Mr. Gordon's epithelioid sarcoma were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

33. Defendants' negligence in failing to timely diagnose and treat the Plaintiff, increased the risk of harm to Mr. Gordon, and that increased risk was a substantial factor in producing Mr. Gordon's injuries.

**WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

### FIFTH COUNT

34. Plaintiff repeats and realleges the allegations of paragraph 1 through 33 as if fully set forth herein.

35. Defendant United States of America, Neighborhood Health Services Corporation its agents and employees, including Dr. Lisa Hauser, actions in the treatment Mr. Gordon's epithelioid sarcoma were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

36. Mr. Gordon suffered personal injury proximately caused by Defendants' negligence in the treatment of the Plaintiff.

     **WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

## SIXTH COUNT

37.    Plaintiff repeats and realleges the allegations of paragraph 1 through 36 as if fully set forth herein.

38.    Defendant United States of America, Neighborhood Health Services its agents and employees, including Dr. Lisa Hauser actions in the treatment Mr. Gordon's epithelioid sarcoma were negligent because they failed to exercise the degree of care, knowledge and skill ordinarily possessed and exercised by the average physician practicing in their field.

39.    Defendants' negligence in the treatment of Plaintiff, increased the risk of harm to Mr. Gordon, and that increased risk was a substantial factor in producing Mr. Gordon's injuries.

     **WHEREFORE,** Plaintiff demands judgment in an amount to be determined by a jury together with costs of suit and reasonable attorney's fees.

     **CERTIFICATION:** The Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The Plaintiff further certifies that he is not aware of any other parties who should be joined in this action.

     **JURY DEMAND:** Plaintiff hereby demands a trial by jury of all issues triable by a jury.

     **DESIGNATION OF TRIAL ATTORNEY:** Gregory R. Preston, is hereby designated as trial counsel for the Plaintiff, in the above matter.

Dated: August 30, 2012

By_____
    Gregory R. Preston (GP6138)
    Attorneys for Plaintiff